**Thomas MURPHY, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**Civil Action No. 95–40127–NMG.**

United States District Court,
D. Massachusetts.

Jan. 31, 1997.

Daniel W. Cronin, Leominster, MA, for plaintiff.

James M. Campbell, Campbell & Associates, Boston, MA, William B. Scarpelli, Morrison, Mahoney & Miller, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The above-entitled action was filed on July 7, 1995, by the plaintiff, Thomas J. Murphy ("Murphy") against the defendant, Ford Motor Company ("Ford"). In his claim for negligence and products liability, Murphy alleges that he was injured when the air bag manufactured by Ford failed to deploy and inflate during a single car accident which occurred at 1:30 p.m. on November 22, 1994. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

Pending before this Court are the following motions:

1) defendant's motion to compel answers to interrogatories and responses to document requests filed June 4, 1996;

2) defendant's motion for summary judgment filed July 3, 1996;

3) defendant's motion to strike the affidavit of the plaintiff, Thomas J. Murphy, in

opposition to defendant's motion for summary judgment filed July 31, 1996; and 4) defendant's motion for leave to file a reply memorandum in support of its summary judgment motion filed August 8, 1996.

## I. FACTUAL BACKGROUND

The plaintiff's accident occurred when he fell asleep at the wheel of his 1994 Ford Taurus SHO on Route 100A in Plymouth, Vermont while travelling at approximately 45 miles per hour. When Murphy awoke he found his car sliding off the road to the right. He applied the brakes before striking a guardrail comprised of wooden posts and cables, nine of which were taken down over the course of 66 feet before the vehicle came to rest.

As a result of the accident, Murphy suffered head injuries including a deep scalp laceration. He alleges that he suffered such head injuries because the air bag installed in his vehicle failed to deploy and inflate. If the air bag had functioned properly, he asserts, it would have protected him from the kind of injuries he suffered. In the five counts of his complaint Murphy alleges: 1) Negligence, 2) Negligent Design, 3) Negligent Failure to Warn and Instruct, 4) Breach of Express and Implied Warranties, and 5) Violation of M.G.L. c. 93A.

## II. ANALYSIS AND RESOLUTION OF PENDING MOTIONS

### A. Defendant's Motion to Compel Answers to Interrogatories and Responses to Document Requests

On October 2, 1995, this Court entered a Scheduling Order pursuant to Fed.R.Civ.P. 16(b). It provided, in relevant part, for the filing of all written discovery requests by April 30, 1996, and motions for summary judgment by June 30, 1996. On February 2, 1996, defendant served interrogatories and Rule 34 document requests upon plaintiff. At the time defendant's motion to compel was filed on June 4, 1996, the plaintiff had made no response to defendant's requests. Pursuant to Fed.R.Civ.P. 33(b)(3), that response was more than 60 days overdue and

plaintiff had made no request for an extension of time.

Defendant contends that its motion to compel is for the purpose of obtaining answers and documents in preparation for its summary judgment motion. Because Ford has, in the meantime, filed its summary judgment motion and supporting memorandum, it is presumed that Murphy has properly responded in the interim. To the extent that plaintiff has not so responded, he is ordered to do so within 14 days from the date of this order.

### B. Defendant's Motion to Strike the Affidavit of the Plaintiff, Thomas J. Murphy, in Opposition to Defendant's Motion for Summary Judgment

■ Fed.R.Civ.P. 56(e) states that,

[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Defendant contends that Murphy ran afoul of the mandate of Rule 56 in his affidavit submitted in opposition to defendant's summary judgment motion in that:

1) it is not based on personal knowledge,

2) it does not set forth facts that would be admissible in evidence,

3) it does not affirmatively show that plaintiff is competent to testify to matters of expert opinion contained therein, and

4) it contradicts the plaintiff's sworn deposition testimony.

The plaintiff begins his affidavit with the statement

I, Thomas J. Murphy, after first being duly sworn and placed under oath, do depose and make affidavit to the following facts, based upon my personal knowledge, information and belief, under the pains and penalties of perjury . . .

Affidavits based upon "information and belief" do not satisfy the Rule 56(e) standard. *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir.1991). Paragraphs 9, 12, 19, 20 and 21 of

plaintiff's affidavit are purportedly based upon his belief as are the last sentence of paragraph 15, the third, fourth and fifth sentences of paragraph 17 and the last sentence of paragraph 18. Consequently, those paragraphs and sentences of plaintiff's affidavit will be stricken and afforded no weight in opposition to defendant's summary judgment motion.

■ Ford also contends that Murphy's affidavit contains arguments and conclusory assertions which run contrary to the requirement that Rule 56(e) affidavits are to contain statements of evidentiary fact that would be admissable at trial. Relevant caselaw holds that such affidavits may not contain arguments or conclusory assertions. *Wynne v. Tufts Univ. School of Medicine,* 976 F.2d 791, 796 (1st Cir.1992) *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993); *Sheinkopf,* 927 F.2d at 1262. To the extent that the plaintiff's affidavit includes such arguments and conclusory assertions not based upon personal knowledge, such inclusions will be stricken and given no weight in opposition to *defendant's summary judgment motion.* Specifically, in addition to those paragraphs of the affidavit enumerated *supra.,* the first sentence of paragraph 8, the first sentence of paragraph 17 and the remainder of paragraph 18 will be stricken.

■ Defendant further argues that plaintiff's affidavit does not affirmatively show that the plaintiff is competent to testify to matters of expert opinion contained in it. Fed.R.Civ.P. 56(e) requires that the affidavit "shall show affirmatively that the affiant is competent to testify to the matters stated therein." This Court agrees with the defendant that plaintiff has not "affirmatively shown" his qualifications as an expert with respect to accident reconstruction or automotive engineering. To the extent that plaintiff's affidavit seeks to testify to such matters, it will not, therefore, be considered. To the extent plaintiff's opinions are, however, rationally based upon his own perception of the accident and what happened prior to and subsequent to the collision, such testimony will be considered insofar as it is helpful in understanding testimony or determining a fact at issue. *See* Fed.R.Evid. 701. Specifi-

cally, therefore, in addition to those portions of the affidavit enumerated *supra.,* the remainder of paragraph 15, all of paragraph 16, the remainder of paragraph 17 and the second sentence of paragraph 22 will be stricken.

■ Finally, Ford argues that Murphy's affidavit contradicts his deposition testimony. In at least one instance that appears to be correct. A litigant may not defeat summary judgment by submitting an affidavit that, without plausible explanation, contradicts his own prior deposition testimony. *Colantuoni v. Alfred Calcagni & Sons, Inc.,* 44 F.3d 1, 4–5 (1st Cir.1994). If he tries to do so, the contradictory matter in the affidavit must be stricken. At his deposition the plaintiff testified that he did not specifically remember looking at the sections of the Owner's Guide relative to the Taurus' air bag restraint system prior to leasing the vehicle. In paragraphs 10 and 11 of his affidavit, he states that he did, in fact, read the relevant pages of the Owner's Guide and that he relied on them in deciding to lease that particular automobile. Consequently, in addition to those portions of the affidavit enumerated *supra.,* paragraphs 10 and 11 will be stricken and afforded no weight in opposition to. defendant's summary judgment motion.

**C. Defendant's Motion for Leave to File a Reply Memorandum in Support of its Summary Judgment Motion**

Pursuant to Local Rule 7.1(B)(3), this court will allow defendant leave to file a reply memorandum in support of its summary judgment motion.

**D. Defendant's motion for summary judgment**

This Court will reserve and take under advisement defendant's motion for summary judgment pending oral argument on the motion scheduled for February 10, 1997 at 2:00 P.M. Counsel should be prepared to address the issue of whether or not plaintiff's claims require the support of expert testimony.

**ORDER**

For the foregoing reasons,

1) Defendant's motion to compel answers to interrogatories and responses to document requests, insofar as such answers and responses have not already been provided, is **ALLOWED.**

2) Defendant's motion to strike the affidavit of the plaintiff, Thomas J. Murphy, in opposition to defendant's motion for summary judgment is **ALLOWED** as follows: paragraphs 9, 10, 11, 12, 15, 16, 17, 18, 19, 20 and 21 are stricken in their entirety, and the first sentence of paragraph 8 and the second sentence of paragraph 22 are stricken.

3) Defendant's motion for leave to file a reply memorandum in support of its summary judgment motion is **ALLOWED.**

So ordered.